IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AMY HINES ATUAH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:16-cv-00869 |
| | ) | |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Bryant |
| CAPITAL BANK CORPORATION, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant Capital Bank Corporation's Motion to Dismiss or, in the Alternative, to Certify Question of Law to the Tennessee Supreme Court. (Doc. No. 6.) For the reasons discussed below, the Court **DENIES** Defendant's Motion to Dismiss and **DENIES** Defendant's Motion to Certify Question of Law to the Tennessee Supreme Court.

### I. BACKGROUND

#### A. Factual Background[1]

Plaintiff Amy Hines Atuah is a Tennessee resident who was employed as a Branch Manager by Defendant Capital Bank Corporations ("Capital Bank"). Capital Bank is a North Carolina corporation that conducts business in Tennessee. On January 22, 2015, an audit occurred at Atuah's Capital Bank branch. Atuah's doctor placed her on maternity leave that same day. The branch subsequently failed the audit. Following her sixteen-week maternity leave, Atuah returned to work on May 15, 2015. Upon arrival, Atuah was called into her manager's office and terminated due to the failed audit and because, as of November 7, 2014, she was on a Performance Improvement Plan ("PIP"). Atuah alleges that her performance as Branch Manager

---

[1] All facts are drawn from Plaintiff Amy Hines Atuah's Complaint (Doc. No. 1-1).

was satisfactory and that the imposition of the PIP and her termination were discriminatory on the basis of her pregnancy.

### B. Procedural Background

Atuah filed this lawsuit in the Circuit Court for Montgomery County, Tennessee on March 30, 2016, alleging a violation of the Tennessee Human Rights Act ("THRA"). (Doc. No. 1-1 ¶ 25.) Capital Bank removed the case to this Court on May 10, 2016. (Doc. No. 1.) Capital Bank filed a Motion to Dismiss (Doc. No. 6) with a Memorandum in Support (Doc. No. 7) on May 17, 2016, claiming that Atuah failed to state a claim because the THRA does not prohibit employment discrimination based on pregnancy. Atuah did not respond to this motion.

## II. STANDARD OF REVIEW

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations and quotation marks omitted).

On a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys*, 684 F.3d at 608. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to support a claim. *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

#### A. Motion to Dismiss

The THRA prohibits discrimination "against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's . . . sex." Tenn. Code Ann. § 4-21-401(a)(1) (2016). Atuah alleges that Capital Bank violated the THRA by discriminating against her because of her pregnancy. (Doc. No. 1-1 ¶ 25.) Capital Bank moves to dismiss this claim, arguing that "because of . . . sex" does not include pregnancy, thus pregnancy discrimination is not prohibited by the THRA. (Doc. No. 6.)

When the Court interprets a statute, it must first "apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application. Where an ambiguity exists, [the Court] look[s] to the entire statutory scheme and elsewhere to ascertain the legislative intent and purpose." *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). The plain language of the statute of prohibits discrimination because of sex. Tenn. Code Ann. § 4-21-401(a)(1). Capital Bank argues that this language is unambiguous and does not prohibit pregnancy discrimination because of the Supreme Court's holding in *General Electric Company v. Gilbert*, 429 U.S. 125, 145–46 (1976): Title VII's prohibition on discrimination "because of . . . sex" did not include pregnancy discrimination. The Pregnancy Amendment of 1978 ("PDA") amended Title VII to include discrimination "on the basis of pregnancy, childbirth, or related medical conditions" within the prohibition on discrimination "because of . . . sex." 42 U.S.C. § 2000e(k) (2016); *see Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 678–79 (1983). Capital Bank asserts that

3

since the Tennessee legislature failed to make a similar amendment to the THRA, pregnancy discrimination is not included within the scope of sex discrimination. (*See* Doc. No. 7.)

However, the text of the statute is not as unambiguous as Capital Bank claims because an amendment to the statutory purpose incorporates the policies of the PDA into the THRA. Tenn. Code Ann. § 4-21-101(a)(1). The Court's objective in interpreting the statute is "to ascertain and give effect to the intention and purpose of the legislature." *Eastman Chemical Co.*, 151 S.W.3d at 507. The statute must be interpreted in light of the statutory purpose. *Id.* The express purpose of the THRA is to execute "the policies embodied in the federal Civil Rights Acts of 1964, 1968 and 1972, the Pregnancy Amendment of 1978, and the Age Discrimination in Employment Act of 1967." Tenn. Code Ann. § 4-21-101(a)(1); *see Spann v. Abraham*, 36 S.W.3d 452, 462–63 (Tenn. Ct. App. 1999) (stating that the THRA is coextensive with federal law despite differences in wording). Because the PDA's purpose is to codify pregnancy discrimination as a form of sex discrimination, the THRA cannot execute the policies embodied in the PDA without subsuming pregnancy discrimination into sex discrimination.

Courts have long worked under the assumption that the THRA prohibits employment discrimination on the basis of pregnancy. *See Suits v. The Heil Co.*, 192 F. App'x 399, 400 (6th Cir. 2006); *Spann*, 36 S.W.3d at 462–63. Capital Bank asserts that the 2011 amendment to the THRA, which defines sex as meaning or referring "only to the designation of an individual person as male or female as indicated on the individual's birth certificate," is further proof that pregnancy discrimination is not protected under the THRA. Tenn. Code. Ann. § 4-21-102(20). Since this amendment, however, courts have continued to work under the assumption that the THRA prohibits employment discrimination on the basis of pregnancy. *See Ferguson v. Williamson Cty. Dep't of Emergency Commc'ns*, 18 F. Supp. 3d 947, 956–57 (M.D. Tenn. 2014);

4

*Pierce v. City of Humboldt*, No. W2012-00217-COA-R3CV, 2013 WL 1190823, at *9 (Tenn. Ct. App. Mar. 25, 2013) (denying defendant's motion for summary judgment for pregnancy discrimination claims arising under the THRA).

A sex discrimination prohibition that does not include pregnancy discrimination does not effectively protect women from discrimination. Discriminating against an individual because she is pregnant is a method of discrimination against that individual because she is a female. The PDA clearly shows that Congress believes that pregnancy discrimination is a form of sex discrimination, and the inclusion of the policies of the PDA into the purpose of the THRA demonstrates that the Tennessee legislature shared this belief.

This Court finds, and other courts agree, that the THRA prohibits pregnancy-based employment discrimination. Consequently, the Motion to Dismiss is denied.

### B. Motion to Certify Question of Law

Tennessee Supreme Court Rule 23 permits this Court to certify questions of state law to the Tennessee Supreme Court when the question is determinative of the cause of action and there is no controlling precedent in the decisions of the Court. Tenn. Sup. Ct. R. 23 § 1; *see BKB Props., LLC v. SunTrust Bank*, 453 F. App'x 582, 588 (6th Cir. 2011). Should its Motion to Dismiss be denied, Capital Bank requests that this Court certify the question of whether the THRA prohibits pregnancy discrimination. (Doc. No. 6.)

A certification decision "lies within the sound discretion of the district court." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995). Certification "is most appropriate when the question is new and state law is unsettled." *Id.* Federal courts should not grant certification every time an arguably unsettled question of state law arises, and when there is a "reasonably clear and principled course, we will seek to follow it ourselves."

*Pennington v. State Farm Mut. Auto Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009) (quoting *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007)).

As discussed above, statutory interpretation and caselaw on the issue of pregnancy discrimination under the THRA leaves a reasonably clear and principled course for the resolution of this question. *See State Auto Prop. & Cas. Ins. Co. v. Hargis*, 786 F.3d 189, 194–95 (6th Cir. 2015) (denying a motion for certification where a reasonably clear and principled course of action existed); *Pennington*, 553 F.3d at 450 (same). Under these circumstances, certification to the Tennessee Supreme Court is not warranted. Accordingly, the Motion to Certify is denied.

## IV. CONCLUSION

For the reasons stated above, Capital Bank's Motion (Doc. No. 6) is **DENIED** and the discovery stay (Doc. No. 12) is **LIFTED**.

It is so ORDERED.

Entered this the 25th day of July, 2016.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT